**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DERRICK DEWYNE WATSON, | **Case No.:**  4:26-cv-02388 |
| Plaintiff, | |
| v. | |
| SPI RESEARCHERS LLP, | |
| Defendant. | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

**1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The Parties met and conferred pursuant to Rule 26(f) on **May 29, 2026**. The counsel who conferred during the 26(f) Conference are:

Meir Rubinov on behalf of Plaintiff Derrick Dewyne Watson

John Drury on behalf of Defendant SPI Researchers LLP

**2.  List the cases related to this one that are pending in any state or federal court with the case number and court.**

There are no related cases pending at this time.

**3.  Briefly describe what this case is about.**

Plaintiff's Statement: Plaintiff brings this action to recover damages for violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA").

In March 2025, Plaintiff applied for full-time employment with Eagle and received a conditional offer contingent on passing a background check.

1

On or about March 11, 2025, Defendant completed and furnished a consumer report concerning Plaintiff to Driver IQ, which then provided the report to Eagle.

The report falsely stated that Plaintiff had been convicted of felony burglary of a habitation in Anderson County, Texas. That conviction did not belong to Plaintiff, who has never been convicted of any crime. Public court records clearly showed the conviction belonged to another individual, Derrick Dewayne Watson.

Defendant failed to follow reasonable procedures to ensure maximum possible accuracy, as required by 15 U.S.C. § 1681e(b).

Defendant also violated 15 U.S.C. § 1681k by furnishing adverse public record information for employment purposes without providing contemporaneous notice to Plaintiff and without maintaining strict procedures to ensure the information was accurate, complete, and up to date.

As a direct result of the inaccurate report, Eagle denied Plaintiff's employment application on or about March 11, 2025. Plaintiff later obtained a copy of the report and was shocked, humiliated, and distressed to discover that Defendant had attributed another person's felony conviction to him and disseminated the false information to Driver IQ and Eagle.

Defendant: Plaintiff has already settled the same claims he asserts against SPI in this lawsuit against the actual consumer reporting agency that reported the information at issue in his Complaint to Plaintiff's prospective employer. Plaintiff obtained a monetary settlement in that litigation and yet attempts to recover a second time against SPI, which is prohibited by the one satisfaction rule.

Apart from the one satisfaction rule, Plaintiff's claims fail because: (i) SPI is not a consumer reporting agency under 15 U.S.C. § 1681a(f) of the FCRA; and (ii) SPI does not prepare

"consumer reports," as that phrase is defined in 15 U.S.C. § 1681a(d) of the FCRA.   To qualify as a "consumer reporting agency," an entity must "assembl[e] or evaluat[e] consumer . . . information . . . for the purpose of furnishing consumer reports to third parties."   15 U.S.C. § 1681a(f).  SPI, in contrast, is a court record researcher that merely acts as a conduit of information between a court and the actual FCRA-regulated consumer reporting agency.   SPI does not "assemble" information with any other information. Nor does it "evaluate" information.   As numerous courts have held, merely passing information from one entity to another does not amount to "assembly" of information.  *See, e g.*, *Ori v. Fifth Third Bank*, 603 F. Supp. 2d 1171, 1175 (E.D. Wis. 2009) ("Obtaining and forwarding information does not make an entity a CRA."); *Digianni v. Stern's*, 26 F. 3d 346, 349 (2d Cir. 1994) ("Assembling and evaluating … implies a function which involves more than receipt and retransmission of information …."); *McCalmont v. Fed. Nat. Mortg. Ass'n*, No. 2:13-cv-2107-HRH, 2014 WL 357170 (D. Ariz. July 21, 2014) ("Because Fannie Mae is not actively involved in the compilation of the consumer information, it is not regularly assembling and evaluating consumer information and thus it cannot be a consumer reporting agency.").

SPI is not subject to the FCRA's requirements for consumer reporting agencies.  Therefore, Plaintiff's claims fail as a matter of law.

**4. Specify the allegation of federal jurisdiction.**

Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2).

**5. Name the parties who disagree and the reasons.**

All parties agree to the allegation of federal jurisdiction.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

At this time, the parties do not anticipate to add additional parties, but reserve the right to so by **August 25, 2026**.

**7. List anticipated interventions.**

The parties do not anticipate any interventions.

**8. Describe class-action issues.**

Not applicable.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties have agreed to exchange Initial Disclosure Statements by **June 18, 2026**.

**10. Describe the proposed agreed discovery plan, including:**

*A. Responses to all the matters raised in Rule 26(f).*

**(a)** The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a).

**(b)** Plaintiff anticipates conducting discovery on the following subjects:

  i. The circumstances surrounding Defendant's collection, verification, furnishing and/or reporting of the background information at issue in this case;
  ii. Defendant's policies and procedures utilized to assure maximum possible accuracy in compliance with 15 U.S.C. § 1681e(b);
  iii. Defendant's policies and procedures utilized to provide notice and maintain strict procedures when reporting adverse public record information in connection with an employment purposed consumer report in compliance with 15 U.S.C. § 1681k;
  iv. Defendant's maintenance, preparation, and publication of Plaintiff's consumer reports; and
  v. Third party discovery necessary to establish causation and damages.

4

Defendant:

SPI will serve interrogatories and requests for production on Plaintiff.  SPI anticipates conducting discovery on the following non-exhaustive list of topics: (1) other lawsuits to which Plaintiff was a party and the settlement(s) reached by Plaintiff; (2) facts and circumstances surrounding each and every allegation in Plaintiff's Complaint; (3) Plaintiff's alleged damages; (4) whether there is any causal relationship between Plaintiff's alleged damages and any action or inaction of SPI; (5) relevant communications by Plaintiff; (6) Plaintiff's work history, medical history related to mental health, and alleged damages, and any mitigation efforts; (7) whether SPI is a consumer reporting agency; (8) whether SPI prepared a "consumer report" regarding Plaintiff; and (9) any discovery necessitated by pleadings or other discovery.

The parties do not believe that discovery should be completed in phases nor limited to or focused on a particular issue.

**(c)** Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court. The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually

identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

**(d)**       The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

### B.   *When and to whom the plaintiff anticipates it may send interrogatories.*

Plaintiff anticipates sending the first set of interrogatories to Defendant within the discovery period.

### C.   *When and to whom the defendant anticipates it may send interrogatories.*

Defendant anticipates sending its first set of interrogatories to Plaintiff following the initial pretrial conference.

### D.   *Of whom and by when the plaintiff anticipates taking oral depositions.*

Plaintiff will notice at least one (1) deposition of Defendant pursuant to Rule 30(b)(6) and any other fact witness with knowledge of the events complained of within the discovery period.

### E.   *Of whom and by when the defendant anticipates taking oral depositions.*

Defendant will notice the deposition of Plaintiff and any other fact witnesses with knowledge of the events complained of during the discovery period.

> ***F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.***

Plaintiff does not anticipate designating an expert at this time, but reserves the right to do so and provide their reports by **November 27, 2026**, in accordance with the Federal Rules of Civil Procedure.

SPI can designate responsive experts and provide their reports by January 5, 2027.

> ***G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).***

Plaintiff does not currently anticipate designating or deposing expert witnesses, but reserves the right to do so by **January 5, 2027,** in accordance with the Federal Rules of Civil Procedure.

> ***H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).***

SPI does not currently anticipate designating or deposing expert witnesses, but reserves the right to do so by February 5, 2027, in accordance with the Federal Rules of Civil Procedure.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

All parties agree to the proposed discovery plan.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have not conducted any discovery other than the initial disclosures.

**13. State the date the planned discovery can reasonably be completed.**

The parties anticipate that discovery can be completed by **January 5, 2027**.

8

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties agree to discuss the prospect of mediation and/or a settlement conference after the close of fact discovery.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties agree to engage in early settlement discussions after the start of discovery period.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties agree to confer regarding mediation and/or a settlement conference after fact discovery concludes.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to Magistrate Judge jurisdiction.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiff demanded jury trial in his Complaint [ECF No. 1]

**19. Specify the number of hours it will take to present the evidence in this case.**

Plaintiff approximate between thirty-six (36) to forty-eight (48) hours.

SPI estimates that it will take 8-12 hours to present evidence.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are no pending motions at this time.

**21. List other motions pending.**

There are no other pending motions at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

N/A

**23. List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiff:

Meir Rubinov
State Bar No. NY6077887
SDTX Bar No. 3901679
CONSUMER ATTORNEYS, PLLC
68-29 Main Street
Flushing NY 11367
T: 718-640-8123
E: mrubinov@consumerattorneys.com

Counsel for Defendant SPI Researchers LLP

John Drury
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
jdrury@seyfarth.com
(312) 460-5623

**24.      Electronic Service**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil

Procedure any pleadings or other papers may be served by sending such documents by email to

the email address(es) listed below (or any updated email address provided to all counsel of record).

The format to be used for attachments to any email message shall be Microsoft Word (.doc) or

Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party,

that party shall promptly (within one business day of receipt of such message) notify the intended

recipient of the message and serve the pleading or other papers by other authorized means.

| Party | Email Service Address(es) |
|---|---|
| Plaintiff Derrick Dewyne Watson | Meir Rubinov (mrubinov@consumerattorneys.com) Irina Iakovleva (iiakovleva@consumerattorneys.com) Ann Stevenson (astevenson@consumerattorneys.com) |

| Defendant SPI Researchers LLP | John Drury (jdrury@seyfarth.com) Pamela devata (PDevata@seyfarth.com) Samin Hessami (shessami@seyfarth.com) |
|---|---|

Dated: May 29, 2026

*/s/ Meir Rubinov*
Meir Rubinov
State Bar No. NY6077887
**CONSUMER ATTORNEYS, PLLC**
SDTX Bar No. 3901679
68-29 Main Street
Flushing NY 11367
T: 718-640-8123
F: (718) 247-8020
E: mrubinov@consumerattorneys.com

*Attorneys for Plaintiff,*
*Derrick Dewyne Watson*

*/s/ John Drury*
John Drury
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
jdrury@seyfarth.com
(312) 460-5623

*Counsel for Defendant SPI Researchers LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Ann Stevenson*